*[handwritten: CK# 211011 8454  $400.00  CASH 2.00]*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

CONSTABLE MORRIS B. HOLLEY, )
)
    Plaintiff, )
)
v. )
)
MICHAEL DOZIER, in his )
individual capacity and in his )
official capacity as Clerk for )
the 19th Judicial Circuit Court )  CASE NO. _____
for Elmore County, Alabama; )  2:23-CV-303-ECM-SMD
and FICTITIOUS DEFENDANTS )
A through V, who are assistant clerks, )
and employees of the Clerk's Office )
for the 19th Judicial Circuit Court )
for Elmore County, Alabama, )
whose identities are unknown at )
present but will be supplied by )
amendment when ascertained; )
)
    Defendants. )

*[Stamp: RECEIVED 2023 MAY -5 P 1:05 TREY GRANGER, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA]*

## COMPLAINT UNDER TITLE 42 U.S.C. § 1983

THE PLAINTIFF, Constable Morris B. Holley, *pro se,* hereby files his Complaint under Title 42 U.S.C. § 1983 for violation of his First Amendment rights of access to the Courts[1], and violation of his due process and equal protection rights committed by the Clerks of Elmore County, Alabama, acting under color of state law as follows:

---

[1] E.g. *Tysch v. Homsy*, 15 F.3d 1090 (9th Cir. 1993)

## I. NATURE OF THE CASE

1. The Plaintiff has been denied his First Amendment constitutional right to access to the courts by the Defendants who falsely told him that his petition for a writ of prohibition in Elmore County Circuit Court was still pending when it in fact had been denied, violating his right of access to the courts by causing the time period for taking an appeal to expire, preventing him from the access to the courts to appeal this denial pursuant to his First Amendment rights. Plaintiff was further denied his rights of due process and equal protection regarding the prosecution of his case and his appeal of the case which rights were denied him by the defendants. At all times, the Defendant clerks were acting under color of state law.

## II. JURISDICTION

2. This action arises under the Civil Rights Act of 1871, Title 42 U.S.C. § 1983, the First, Fifth, and Fourteenth Amendments to the Constitution of the United States,[2] and 28 U.S.C. § 2201.

## III. PARTIES

3. The Plaintiff is Constable Morris B. Holley who is over the age of 21 years and resides at 3500 Central Plank Road, Wetumpka, AL 36092 and whose constitutional rights have been and are being violated by the Defendants acting under color of state law.

---

[2] All references in this complaint to a constitution are to the U.S. Constitution unless otherwise stated.

4. The first named Defendant is Michael Dozier who is the Clerk of the 19th Judicial Circuit Court for Elmore County, Alabama, with offices at 8935 U.S. Highway 231 N., Wetumpka, AL 36092. Defendant Dozier is sued in his individual capacity and his official capacity as Clerk of said 19th Judicial Circuit Court for Elmore County, Alabama. Dozier is not entitled to immunity, qualified or otherwise, because he acted outside his official functions, duties and authority by prevaricating and potentially perjuring himself in state court by falsely stating to the Plaintiff that his case in state court was still pending when in fact it had been denied without the Plaintiff's knowledge, hence his ability to appeal from this denial by which he has been denied his First Amendment right of access to the courts and his rights of due process and equal protection.

5. The fictitious defendants are assistant clerks and other employees or associates of the Office of the Clerk for the 19th Judicial Circuit Court of Elmore County, Alabama whose identities are presently unknown but will be supplied by amendment when ascertained. The Clerk's office refused to provide these identities. They are sued in their individual capacities and their official capacities as assistant clerks and/or other employees and associates of the Office of the Clerk for the 19th Circuit Court of Elmore County, Alabama. These defendants are not entitled to immunity, qualified or otherwise, because they acted outside their official functions, duties and authority by prevaricating and potentially perjuring

themselves in state court by falsely stating to the Plaintiff that his case in his court was still pending when in fact it had been denied without the Plaintiff's knowledge, hence his ability to appeal from this denial by which he has been denied his First Amendment right of access to the courts and his rights of due process and equal protection.

## IV. STATEMENT OF FACTS

6. In July, 2021, the Plaintiff filed for a writ of prohibition in the Circuit Court of Elmore County, Alabama, alleging that the respondents in this state writ had usurped jurisdiction in their attempt to abolish the office of constable in Elmore County, Alabama.

7. Plaintiff communicated with the defendants on a weekly basis regarding the status of his writ.

8. Moreover, for more than 3 years, Appellant has subscribed to "USPS Informed Delivery" wherein the United States Postal Service provides daily notice of the mail that is delivered to him.

9. On Saturday, October 9, 2021, the Circuit Court entered an order denying Plaintiff's petition.

10. Plaintiff received no notice of this denial.

11. The United States Postal Service records confirm that the Appellant did not receive a copy of this order by mail.

12. After his persistent weekly inquiries, Plaintiff received an order dated December 27, 2021 setting the case in the court below for a status conference for January 31, 2022.

13. Plaintiff appeared for this status conference on January 31, 2022 but was informed on this date for the first time that the case was dismissed. He asked when the petition was dismissed and was informed, for the first time, that it was dismissed on Saturday, October 9, 2021.

14. On February 2, 2022, Plaintiff filed a motion for reconsideration of this order of dismissal citing the fact that he had just been informed of the dismissal two days beforehand on January 31, 2022.

15. On April 15, 2022, Appellant inquired with the Clerk about the status of his motion for reconsideration. The Clerk informed him that there would not be a ruling on this motion.

16. Appellant then filed his Motion for Final Judgment on April 15, 2022, pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure.

17. 90 days following the filing of this motion, there was no order disposing of this pending postjudgment motion.

18. Rule 59.1 of the Alabama Rules of Civil Procedure states that no postjudgment motion shall remain pending in the trial court for more than 90 days and the failure of the trial court to render an order disposing of this pending

postjudgment motion constitutes a denial of such motion upon the expiration of this 90 day period.

19. Accordingly, the judgment in the Elmore County Circuit Court became final on July 15, 2022.

20. Appellant filed his notice of appeal on July 29, 2022 in the Alabama Court of Civil Appeals, well within the 42 day time period under Alabama law for filing an appeal.

21. The Alabama Court of Civil Appeals transferred the case to the Alabama Supreme Court, who dismissed the appeal on jurisdictional grounds, that the Plaintiff's notice of appeal was not timely.

22. Plaintiff filed for rehearing and set out the perfidious actions of the defendants who repeatedly lied to him that the case was still pending when in fact it was dismissed, causing a 115 day delay in the receipt of the information by the Plaintiff that his case was dismissed, and causing the expiration of the time for appeal in violation of Plaintiff's rights to access to the courts, his due process rights, and his rights of equal protection.

23. Notwithstanding, the Alabama Supreme Court "overruled" his petition for rehearing.

24. The defendant Clerk and employees and associates of the Elmore County Clerk's Office were the direct cause of this denial of the Plaintiff's First, Fifth, and

Fourteenth Amendment rights of access to the Courts.

25. Plaintiff was denied due process of law by this denial, and the equal protection of laws by this denial. Plaintiff was denied his First Amendment rights of access to the courts by this denial.

26. Because of the fact that the defendants lied to the Plaintiff and caused the 115 day delay in his receipt of the information that his case had been dismissed, the defendants acted outside their functions and outside the scope of their duty and authority as officials, employees and/or associates of the Office of the Clerk of Elmore County, Alabama, and are not entitled to immunity, qualified or otherwise.

27. Between October 9, 2021 and January 31, 2022, the defendants repeatedly and falsely told the Appellant that his writ was still pending and withheld that a judgment had been entered.

## V. CLAIMS FOR RELIEF

Plaintiff makes the following claims in support of allegations that the Defendants violated and are violating 42 U.S.C. § 1983.

### COUNT I:
### DENIAL OF CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS

#### A. By Defendant Dozier

28. Defendant Dozier violated Plaintiff's First Amendment rights of access to the courts by failing in his duty to notify the Plaintiff of the denial of his writ

filed in Dozier's office and court.

29. Defendant Dozier went outside his functions and duties and persistently lied to the Plaintiff by falsely informing him that his writ was still pending between October 9, 2021 and January 31, 2022, causing the Plaintiff to be denied the right to appeal, and thus denied Plaintiff his First Amendment rights of access to the courts.

30. Defendant Dozier denied Plaintiff his right to due process of law by falsely informing him that his case was pending when it had been dismissed, and thus caused the breach of Plaintiff's rights of due process in prosecuting and appealing from the denial of his writ.

31. Defendant Dozier denied Plaintiff his right to due process of law by falsely informing him that his case was pending when it had been dismissed, and thus caused the breach of Plaintiff's right to the equal protection of law by this denial versus other litigants similarly situated who were given equal protection.

32. Because of the fact that Dozier acted outside of his lawful functions, duties and authority, and repeatedly lied to the Plaintiff, he is not clothed with immunity, qualified or otherwise, and is further liable in his individual capacity for the injuries that he inflicted on the Plaintiff.

### B. By the Defendant Clerks, Employees and/or Associates

33. The assistant clerks, employees and/or associates of the Office of the

Clerk of Elmore County, Alabama (hereinafter the "other defendants") violated Plaintiff's First Amendment rights of access to the courts by failing in their duty to notify the Plaintiff of the denial of his writ filed in their Circuit Court for Elmore County.

34. The other defendants went outside of their functions and duties and persistently lied to the Plaintiff by falsely informing him that his writ was still pending between October 9, 2021 and January 31, 2022, causing Plaintiff to be denied the right to appeal, and thus denied Plaintiff his First Amendment rights of access to the courts.

35. The other defendants denied Plaintiff his right to due process of law by falsely informing him that his case was pending when it had been dismissed, and thus caused the breach of Plaintiff's rights of due process in prosecuting and appealing from the denial of his writ.

36. The other defendants denied Plaintiff his right to equal protection by falsely informing him that his case was pending when it had been dismissed, and thus caused the breach of Plaintiff's right to the equal protection of law by this denial versus other litigants similarly situated who were provided with equal protection.

37. Because of the fact that the other defendants acted outside of their lawful functions, duties and authority, and repeatedly lied to the Plaintiff, they are not

clothed with immunity, qualified or otherwise, and are further liable in their individual capacities for the injuries that they inflicted on the Plaintiff.

## COUNT II:
## DENIAL OF DUE PROCESS

### A. By Defendant Dozier

38. Plaintiff was entitled to due process of law in prosecuting his writ of prohibition and appealing the denial of the writ.

39. Defendant Dozier denied the Plaintiff due process of law by violating his right to prosecute the appeal from the denial of his writ by lying to the Plaintiff and telling him that his writ was still pending when in fact it had been denied and the time for filing an appeal was running.

40. Defendant Dozier denied the Plaintiff the right to appeal from the denial of his writ and thus denied him the due process of law.

### B. By the Other Defendants

41. The other defendants denied the Plaintiff due process of law by violating his right to prosecute the appeal from the denial of his writ by lying to the Plaintiff and telling him that his writ was still pending when in fact it had been denied and the time for filing an appeal was running.

42. Defendant Dozier denied the Plaintiff the right to appeal from the denial of his writ and thus denied him the due process of law.

## COUNT III:
## DENIAL OF THE EQUAL PROTECTION OF LAW

### A. By Defendant Dozier

43. Defendant Dozier denied the Plaintiff the equal protection of law by lying to him by falsely stating that his writ was still pending while it had been denied, hence the time for appeal was running.

44. Plaintiff was entitled to the equal protection of his right to appeal from the denial of his writ as all other litigants are provided such protection. Defendant Dozier denied him this equal protection of law to file and litigate his appeal from the denial of his writ.

### B. By the Other Defendants

45. The other defendants denied the Plaintiff the equal protection of law by lying to him by falsely stating that his writ was still pending while it had been denied, hence the time for appeal was running.

46. Plaintiff was entitled to the equal protection of his right to appeal from the denial of his writ as all other litigants are provided such protection. The other defendants thus denied him this equal protection of law to file and litigate his appeal from the denial of his writ.

### VI. Injury, Traceability, Redressability

47. The Plaintiff has suffered the injury of being denied his right to appeal from the denial of his writ.

48. The injury suffered by the Plaintiff is directly traceable to the Defendants who lied to him and told him that his case was still pending when in fact it had been denied and the time for filing an appeal was running. This time had expired by the time that the Plaintiff discovered the truth, that his case had been denied triggering the time for filing an appeal.

49. The injury is redressable by a finding that the constitutional rights of the Plaintiff were violated as set out above and that therefore the Plaintiff is entitled to prosecute his appeal since this right was violated by the constitutional violations by the Defendants. By the defendants being held liable for their constitutional violations, Plaintiff will have the clear right to file and prosecute his appeal.

### VII. Prayer for Relief

WHEREFORE, the Plaintiff prays for:

1. **A Declaratory Judgment:**

   (1) defining the legal relationship between the Plaintiff and Defendants where the Plaintiff is a litigant who has the right to be informed of the status of his court case and the Defendants are state actors who had the duty to truthfully inform him of the status of his case.

   (2) declaring that the defendants violated this right by falsely stating to the Plaintiff that his writ was still pending when it in fact had been denied.

   (3) declaring the rights of the Plaintiff to constitutional access to the courts

to prosecute his appeal which he has been denied by the Defendants

(4) declaring his rights of due process to prosecute his writ.

(5) declaring his rights to the equal protection of law by which he was entitled to be given truthful information, that his writ had been denied. The Defendants lied to him and untruthfully told him that his writ was still pending when in fact it had been denied and the time for appeal was accruing. Plaintiff has been denied equal protection by being denied his right to appeal on par with other litigants by the false statements of the defendants that his writ was still pending when it had been denied, and the time for appeal had expired before he learned of the status of his writ.

(6) declaring the legal obligations of the Defendants to comply with the Constitution by providing for Plaintiff's rights of access to the courts, due process and equal protection as stated above;

(7) commanding the Defendants who are state officials acting under color of State law to refrain from violating federal law and the Constitution.

(8) declaring that the Plaintiff is entitled to prosecute his appeal that is being denied him due to the constitutional violations of the Defendants.

A declaratory judgment is appropriate in this cause of action because:

(9) The parties have adverse legal interests;

(10) The Plaintiff has suffered an actual injury;

(11) This controversy involves only issues of law on incontrovertible facts;

(12) This Declaratory judgment will resolve and terminate the controversy giving rise to this proceeding by remedying the violations of Plaintiff's due process and equal protection rights as herein complained of and thus providing him access to the courts, due process and equal protection.

2. **Compensatory Damages** in the amount of the fees and costs that he has incurred as a result of the injuries by the Defendants which are still accruing.

3. Plaintiff assents to a bench trial on all issues triable.

RESPECTFULLY SUBMITTED on this 5 day of May, 2023.

*[signature]*
Constable Morris B. Holley, *Pro Se*
3500 Central Plank Rd.
Wetumpka, AL 36092
holleyben31@yahoo.com
(334) 538-6061