IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MORRIS B. HOLLEY, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:23-cv-303-ECM |
| | )               [WO] |
| MICHAEL DOZIER, | ) |
| | ) |
|   Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On February 15, 2024, the Magistrate Judge entered a Recommendation that Defendant Michael Dozier's ("Dozier") motion to dismiss (doc. 6) be granted as to the official capacity claims against him and denied as to the individual capacity claims against him, and further recommending that the fictitious defendants be dismissed. (Doc. 22). Dozier filed timely objections to the Recommendation, (doc. 25), and Plaintiff Morris B. Holley ("Holley") filed a response to the Recommendation, (doc. 24), which the Court construes as containing objections. After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, Holley's objections, and Dozier's objections, the Court concludes that the parties' objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, Dozier's motion to dismiss is due to be granted in part and denied in part, and the fictitious defendants are due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also*

The Court now turns to Dozier's objections.  Dozier first objects to the statement in the Recommendation in which the Magistrate Judge, quoting Holley's complaint, stated that "Holley moved for a rehearing of the dismissal, arguing that because the defendants 'repeatedly lied to him that the case was still pending when in fact it was dismissed,' he was delayed 115 days in discovering that his case was dismissed, which caused him to miss his time for appeal." (*See* doc. 22 (quoting doc. 1, para. 22)).  Dozier asserts that "there is direct evidence in the record to the contrary," (doc. 25 at 1), and citing his reply brief, Dozier asserts that Holley "says absolutely nothing in his response on appeal about him having missed his appeal deadline because of Dozier and/or his staff's alleged actions or inaction, which is the sole basis of his federal court lawsuit," (*id.* at 2).  Dozier's argument is unavailing for multiple reasons.  First, accepting his argument would require the Court to reject the well-pleaded factual allegation in Holley's complaint, when at this stage the Court must accept this factual allegation as true. *See Ounjian v. Globoforce, Inc*., 89 F.4th 852, 856 (11th Cir. 2023).  Second, and relatedly, Dozier's statement that there is "direct evidence in the record to the contrary" is undermined by Dozier's subsequent assertions that Holley merely did not mention Dozier or his staff in Holley's other filing.  An omission is not the same as a contradiction.  In any event, at a later stage in the litigation and upon further factual development, the alleged omission or inconsistency may bear on the analysis of Holley's claims.  But at this stage, where the Court must accept Holley's factual allegations as true, the Court declines to reject Holley's allegation in favor of a prior alleged omission or inconsistency.  Finally, Dozier raised this argument for the first time in his

reply brief, and courts generally do not consider those arguments. *See, e.g.*, *Hope For Fams. & Cmty. Serv., Inc. v. Warren*, 721 F. Supp. 2d 1079, 1190 (M.D. Ala. 2010) (declining to address an argument "because it was raised for the first time in the reply brief"). This Court discerns no compelling reason why Dozier could not have raised this argument in his initial motion to dismiss as opposed to the reply. For these reasons, Dozier's first objection is due to be overruled.

Dozier's second objection is to the Recommendation's conclusion that at this stage he is not entitled to qualified immunity, in which the Magistrate Judge relied on a binding former Fifth Circuit case, *Williams v. Wood*, 612 F.2d 982 (5th Cir. 1980).[1] Dozier argues that the facts of this case are "distinctly different" from *Williams* because in this case, Holley "completely changes his story," again referencing Holley's alleged omission or inconsistency in a prior court filing. (Doc. 25 at 3). For the reasons explained above, the Court finds this argument unavailing at this stage. Consequently, Dozier's second objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Holley's objections (doc. 24) and Dozier's objections (doc. 25) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 22) is ADOPTED;

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

    3.    Dozier's motion to dismiss (doc. 6) is GRANTED as to the official capacity claims against him and DENIED as to the individual capacity claims;

    4.    The Plaintiff's claims against the fictitious defendants are DISMISSED WITHOUT PREJUDICE, and the fictitious defendants are DISMISSED from this action;

    5.    This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 4th day of March, 2024.

                                            /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE